IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **DEREK THOMPSON,** ) <br> **4403 Rainbow Court** ) <br> **Saint Joseph, Missouri 64506** ) <br> ) <br> **and** ) <br> ) <br> **SARAH DUREE-THOMPSON,** ) <br> **16913 East Cogan Road** ) <br> **Independence, Missouri 64055** ) <br> ) <br>                          **Plaintiffs,** ) <br> ) <br>      v. ) <br> ) <br> **DOUBLEV COMPANY,** ) <br> **25840 Meadowland Circle** ) <br> **Plainfield, Illinois 60585** ) <br> ) <br>     <u>**Serve Registered Agent**</u>**:** ) <br>     **Vasilii Vistrovschi** ) <br>     **305 West Briarcliff Road, #100** ) <br>     **Bolingbrook, Illinois 60440** ) <br> ) <br> **and** ) <br> ) <br> **MICHAEL L. WYNN,** ) <br> **1713 Euclid Avenue, #852** ) <br> **San Diego, California 92105** ) <br> ) <br>                          **Defendants.** ) | **Case No.:** <br><br> **Jury Trial Demanded** |

## **COMPLAINT**

**COMES NOW** Plaintiffs Derek Thompson and Sarah Duree-Thompson, by and through their undersigned counsel, for their cause of action against the above-named defendants and state, allege, and aver as follows:

1. At all times relevant herein, Plaintiff Derek Thompson was and is an individual and citizen of Saint Joseph, Missouri.

1

2. At all times relevant herein, Plaintiff Sarah Duree-Thompson was and is an individual and citizen of Independence, Missouri.

3. At all times relevant herein, Defendant DoubleV Company (hereinafter "DoubleV") is and was a foreign corporation existing under the laws of Illinois, with its principal place of business in Illinois.

4. Defendant DoubleV may be served with process through its registered agent, Vasilii Vistrovschi.

5. At all times relevant herein, Michael L. Wynn was an individual and citizen of San Diego, California.

6. At all relevant times herein, Defendant Wynn was an employee and or agent of Defendant DoubleV Company.

7. The incident that forms the basis of this cause of action occurred on or about June 28, 2019, on Highway 43 near the intersection of FM 1251 in Rusk County, Texas.

8. Jurisdiction is proper before this Court pursuant to 28 U.S.C. §1332(a)(1).

9. Venue is proper before this Court because Plaintiff was first injured by the wrongful acts or negligent conduct of the above-named defendants, giving rise to the cause of action, in Rusk County, Texas.

**COUNT I – NEGLIGENCE OF MICHAEL L. WYNN**

10. Plaintiff Derek Thompson hereby incorporates by reference, as if fully set forth herein, all statements and allegations contained in paragraphs 1–9.

11. On or about June 28, 2019, Plaintiff was driving a 2003 Peterbilt semitruck with trailer Northeast on Highway 43, near its intersection with FM 1251 in Rusk County, Texas.

12. At the same time, Defendant Wynn, operating a 2019 Volvo semitruck with trailer, was stopped in a private parking lot on Highway 43, near its intersection FM 1251.

13. Without yielding to Plaintiff's semitruck, Defendant Wynn pulled his semitruck with trailer onto Highway 43 to turn left, or Southwest.

14. Plaintiff Derek Thompson was unable to stop his semitruck prior to colliding with Defendant Wynn's trailer.

15. At the time of the collision, Defendant's Wynn's semitruck and trailer were completely blocking all lanes of travel on Highway 43.

16. Defendant Wynn was operating the truck in a negligent and careless manner when he caused the collision.

17. Defendant Wynn had a duty to operate his semitruck in a safe a prudent manner and to abide by the applicable duty of care under the circumstances.

18. Defendant Wynn failed to exercise the highest degree of care and was negligent in the following particulars, either cumulative or in the alternative, to wit:

    b. failing to keep a proper lookout;

    c. failing to stop or otherwise control his vehicle to avoid it colliding with another vehicle;

    d. failing to take evasive action in a timely manner to avoid colliding with another vehicle, and

    e. failing to yield the right-of-way.

19. The negligence of Defendant Wynn, as aforesaid, was the direct and proximate cause of the subject incident.

20. As a direct and proximate result of Defendant Wynn's negligence, Plaintiff has sustained damages.

21. Plaintiff has sustained physical injuries that are both remedial and permanent in nature, causing impact upon his daily activities and livelihood; he has incurred, and will continue to incur, expenses for the care and treatment of his injuries.

22. Plaintiff has and will continue to sustain lost wages and a loss of earning capacity.

23. Plaintiff has and will continue to sustain pain and suffering, including ongoing physical impairment.

24. The negligent acts and/or omissions of Defendant Wynn occurred within the course and scope of his employment or agency with Defendant DoubleV Company, thereby making both Wynn and DoubleV Company liable to Plaintiff for the negligent acts of Wynn.

**WHEREFORE**, Plaintiff prays for judgment against Defendant DoubleV Company, LLC and Michael L. Wynn, jointly and severally, for sum in actual and future damages in excess of $75,000.00; for the statutory cost of this action; for pre-judgment interest; and for such other further relief that the Court deems just and proper.

## COUNT II – LOSS OF CONSORTIUM

25. Plaintiff Sarah Duree-Thompson hereby incorporates by reference, as if fully set forth herein, all statements and allegations contained in paragraphs 1–24.

26. Plaintiff Sarah Duree-Thompson states that she was the lawful spouse of Plaintiff Derek Thompson when the aforementioned injuries were sustained by Mr. Thompson.

27. As a direct and proximate cause of Defendant Wynn's negligence, Plaintiff Sarah Duree-Thompson has suffered damages in the form of the reasonable value of loss of spousal consortium and loss of spousal services, including, but not limited to, affection, solace, comfort, companionship, society, assistance, sexual relations, emotional support, and love.

**WHEREFORE**, under Count II of this Petition, Plaintiff Sarah Duree-Thompson prays for judgment against Defendants for a reasonable sum in lost consortium and spousal services and for such other further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury in the above-captioned action of all issues triable by jury.

Respectfully submitted,

THE LAW OFFICES OF BRIAN TIMOTHY MEYERS

_____/s/ Brian C. McCart___

| | |
|---|---|
| Brian Timothy Meyers | MO Bar # 32636 |
| Brian C. McCart | MO Bar # 61852 |

1044 Main Street, Suite 400
Kansas City, MO 64106
Phone: (816) 842-0006
Fax:    (816) 842-6623
Email: btmeyers@btm-law.com
          bmccart@btm-law.com
**ATTORNEYS FOR PLAINTIFF**